JOHN D. PARK & SONS CO. v. NATIONAL WHOLESALE DRUG-
GISTS' ASS'N et al.

(Supreme Court, Special Term, New York County. September, 1896.)

1. MONOPOLIES—VALIDITY OF ACTIONS.
An association of manufacturers may provide means for obtaining infor-
mation of the acts of firms violating any proper agreement regarding the
sale of proprietary drugs by any of the associates or their customers.

2. SAME—CONTRACTS.
A manufacturer may agree with a customer that the customer shall sell
the particular goods manufactured by the vendor at a certain price, without
rendering himself liable to the third parties thereby for doing an unlawful
act.

3. SAME—REFUSAL TO SELL GOODS.
A manufacturer may lawfully refuse to sell to any customer, for any
capricious reason, any goods manufactured by him.

4. SAME—UNLAWFUL RESTRAINT OF TRADE.
A combination between manufacturers and wholesale druggists to prevent
customers of one of them from obtaining goods from the others because they
violate an agreement with the one in respect to cutting prices, and to make
such violation a cause of general exclusion from the power to purchase any
kind of proprietary medicines from any of the combination, is an unlawful
restraint of trade, and should be enjoined.

Application by John D. Park & Sons Company against the National
Wholesale Druggists' Association and others for an injunction. In-
junction granted.

Wager Swayne, for plaintiff.
H. Labarre Jayne, John G. Johnson, Paul D. Cravath, Philip Car-
penter, Wm. Seton Gordon, and Spink & Martin, for defendants.

RUSSELL, J. Plaintiff seeks an injunction to restrain an alleged
combination which prevents it from obtaining proprietary medicines,
thus crippling its business as a wholesale drug house. The Drug-
gists' Association, defendant, is formed by the co-operation of a large
number of wholesale druggists and manufacturers of proprietary medi-
cines for mutual benefit and protection. Unquestionably, a part of its
aim is to enable those within its scope to obtain prices which shall
yield fair profits, and, in so doing, it acts under rules understood by
the associates as well as those expressed. A large part of its line
of action, as evidenced by its formal articles of agreement, is un-
questionably lawful, as is also a great part of the individual action
of the firms entering into the combined association. As an associa-
tion, it is lawful for the association and the manufacturers to pro-
vide means for obtaining information as to the acts of firms violat-
ing any proper agreement in regard to the sale of proprietary drugs
by any of the associates or the customers of such associates. It is
also lawful for the manufacturers individually to agree with their
customers that those customers shall sell the particular goods manu-
factured by the vendor for a certain price, so far, at least, as not to
render the manufacturer liable to third parties for doing an unlaw-
ful act, however much doubt there may be as to such manufacturers
being able to enforce an executory agreement of this kind by proper

legal proceeding. It is lawful, also, for each manufacturer to refuse to sell to any customer, for any reason, however capricious, any goods manufactured by him. But it is in restraint of trade and unlawful for such manufacturer to become a party to a combination which shall prevent any of his customers from obtaining other goods of other manufacturers because those customers violate the agreement with him in respect to a cutting of prices, and to make such violation a cause of a general exclusion of such customers from the power to purchase any kind of proprietary medicines from any of the other members of the association. It is not lawful to form a combination which shall make general the enforcement of prices fixed by the manufacturer effective, beyond the reach of competition, by the exclusion of such customers from a general power of purchase of other goods. In the present case I am not ready to find, from the mass of documentary and other evidence furnished me, that all of the defendants, by means of the Druggists' Association, have combined themselves to carry out such an unlawful purpose; but there is in the affidavits and papers presented sufficient to justify the belief that some of the defendants, acting through the organization of the association or under its policy as assumed by them, have gone beyond the limit which the association was justified in acting up to, and have used the power of the association to punish or exclude the plaintiff from its power to purchase. The evidence in this respect is not entirely satisfactory, and the more perfect method of a trial upon the issues presented might entirely. dissipate any such impression. I therefore withhold the expression of the details upon which the present impression is founded, and continue the injunction only substantially as follows: The defendants are enjoined from conspiring or combining together, or with any other person or persons, to prevent the plaintiff from freely purchasing proprietary drugs and medicines or other goods, or from freely selling proprietary drugs and medicines or other goods to persons who may desire to purchase. But the defendants are not enjoined from obtaining or imparting information as to the manner in which the plaintiff conducts its business, or any violation of any agreement with any specific manufacturer or wholesale dealer, and neither of the defendants is enjoined from making any agreement with the plaintiff or any other person fixing the price of sale of his or its particular line of goods.